## CATHARINE LINDA *vs.* ERASTUS D. HUDSON.

An action on the case, for causing a writ of *habeas corpus* to be issued and served upon the party therein alleged to be restrained, without his authority and agains his consent, cannot be maintained, if it appear, that the complaint was made by authority from the plaintiff, and at his request, expressed either directly to the defendant, or indirectly through some other person.

THIS was an action on the case, in which the plaintiff alleged that the defendant, without authority from her, made a complaint to a judge of this court, in August, 1845, for the purpose of obtaining a writ of *habeas corpus*, in her behalf, on the ground, that she was imprisoned and restrained of her liberty ; and that a writ of *habeas corpus* was issued accordingly, and delivered to an officer, by whom the plaintiff was taken into custody, and carried before the judge by whom the writ was issued, without and against her consent.

It appeared, from the evidence given on the trial, which

was before *Wilde*, J., that the plaintiff was a woman of color, who had been brought into this state from one of the southern states, in which she was held as a slave by the person by whom she was brought here, and in whose service she then was.

It further appeared from the testimony of one Ruggles, that, in August, 1845, the witness was a servant in the family of a gentleman, who was then at a public house in Spring-field, where the plaintiff was with her master and his family, and that the witness there met the plaintiff at the servants' table; that the plaintiff, having heard that the witness had been a slave, and was then free, entered into conversation with him, when the white servants had left the table, and said to him that she should like to be free also; that, after-wards, during the same day, she again expressed the same wish to him; that, in consequence of this conversation, he applied to the defendant and made known to him the situa-tion and wishes of the plaintiff; that the defendant and witness thereupon employed an attorney to draw a petition for a writ of *habeas corpus;* that, before any further pro-ceedings took place, the plaintiff's master left Springfield and went to Northampton with his family, taking the plaintiff with him; that the witness went the next day to Northamp-ton, in the service of his master, and, while there, waited on judge Dewey with the defendant for the purpose of signing and presenting the petition for a *habeas corpus*, on behalf of the plaintiff; and that, whilst waiting at the judge's house for this purpose, he perceived that his master was about to depart from Northampton, and, in consequence, left the judge's without signing the petition.

It further appeared, that the defendant thereupon applied to the plaintiff's master, stating to the latter, that he under-stood he had a slave there, and requested leave to speak with her, in order to inform her, that, in this state, she could take her freedom, if she chose; that the master replied that he had a slave, but that the defendant should not see her; and that the defendant then returned to the judge and signed the

petition, on which the writ was issued and served, as already stated.

When the plaintiff was brought before the judge, she was informed by him that she was free, if she chose to be so, and that she could stay with her master, or leave him, as she pleased. The plaintiff said she knew she was a slave, but chose to remain with her master, and then went away with her master and mistress.

Evidence was introduced, on the part of the defendant, to show that the witness, Ruggles, had said, that, when at Springfield he had no chance to have conversation with the plaintiff, — that he intended to have an interview with her at Northampton, — that she was a pretty girl, and he would like to get acquainted with her, — and that he was sorry he was not able to do so at Northampton.

The judge, before whom the cause was tried, being of opinion, that, upon the evidence introduced, (the material parts of which are substantially stated as above), the defence could not be maintained, directed the jury accordingly, and a verdict was thereupon returned for the plaintiff.

The verdict is to be set aside, and a new trial granted, or judgment is to be rendered on the verdict, according to the opinion of the whole court.

The cause was argued at a former term, by *Wendell Phillips*, for the defendant, and by *F. Webster & J. P. Healy*, for the plaintiff.

SHAW, C. J. The *gravamen* of the charge in the declaration is, that the petition to the judge, purporting to be made in the plaintiff's behalf, was presented by the defendant, without her authority, and that by means thereof she was taken into custody, and carried before a judge, against her consent.

Upon a revision of the testimony in the case, the court are of opinion, that there was evidence for the jury to consider, on the question of fact, and that the case should have been left to them, to decide, upon the evidence, whether the complaint and petition made by the defendant, and upon which

the writ of *habeas corpus* to bring up the plaintiff was issued, were so made at her request and for her benefit; with instructions, that if they were so made by the defendant, by her authority and at her request, either directly to himself, or indirectly through another person, the defendant was not liable in this action; and that otherwise they should find a verdict for the plaintiff. The verdict, therefore, will be set aside, and a new trial granted.